# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KENDALL A. ARMSTRONG, | )<br>) |
| Plaintiff, | ) Case No.: 22-cv-3123<br>) |
| v. | ) Complaint for Violation of Civil Rights and<br>) State Supplemental Claims |
| The City of Chicago, Chicago Police Officers Julio Rodriguez III, Star No. 19144, John Norwood Jr., Star No. 15471, and Other Unknown and Unnamed Chicago Police Officers, | )<br>) **JURY DEMANDED**<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331, and 1367.

2. The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff KENDALL A. ARMSTRONG ("Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this Court.

4. At all times mentioned herein, Defendants Chicago Police Officers Julio Rodriguez III, Star No. 19144 ("Rodriguez"), John Norwood Jr., Star No. 15471 ("Norwood"), and Other Unknown and Unnamed Chicago Police Officers (collectively "Defendants") were employed by the City of Chicago Police Department and acted under the color of state law and as the employees,

agents, or representatives of the City of Chicago Police Department. Plaintiff is suing Defendants in their individual capacities.

5. At all times mentioned herein, the City of Chicago ("City") was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all times material, the City maintained, managed, and/or operated the Chicago Police Department.

## FACTUAL ALLEGATIONS

6. On or about July 27, 2021, at all times material, Plaintiff was pulled over while operating his motor vehicle in Chicago, Illinois.

7. Upon request, Plaintiff provided a valid driver's license, valid proof of insurance, a valid FOID card, and a valid Conceal and Carry License.

8. Regardless, Defendants commanded Plaintiff to step out of the vehicle. Plaintiff complied.

9. There was no legal cause to command Plaintiff to step out of the motor vehicle.

10. Defendants handcuffed Plaintiff.

11. There was no legal cause to handcuff Plaintiff.

12. Defendants searched Plaintiff's person and failed to find any contraband.

13. There was no legal cause to search Plaintiff's person

14. Defendants searched Plaintiff's motor vehicle and failed to find any contraband.

15. There was no legal cause to search Plaintiff's motor vehicle.

16. Defendants transported Plaintiff to the police station for further detention and/or arrest.

17. There was no legal cause to transport Plaintiff to the police station for further detention and/or arrest and processing.

18. Plaintiff was charged with aggravated unlawful use of a weapon, reckless conduct, driving to the left of the center of the roadway, an operator signal violation, a registration plate violation, and failure to wear a seatbelt. The State's Attorney dismissed all charges against Plaintiff resulting from this incident on August 30, 2021, indicative of his innocence.

19. Defendants impounded Plaintiff's motor vehicle.

20. There was no legal cause to impound Plaintiff's motor vehicle.

21. Defendants had no legal cause to order Plaintiff to exit his motor vehicle, search Plaintiff, handcuff Plaintiff, detain and/or arrest Plaintiff, search Plaintiff's motor vehicle, impound Plaintiff's motor vehicle, or charge him with any violation of the law.

22. As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendants, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

23. The actions and/or omissions by Defendants as mentioned above were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24. By reason of the actions and/or omissions mentioned above by Defendants, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to him in the within action so that they might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

**COUNT I**

**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEARCH OF PLAINTIFF AND HIS MOTOR VEHICLE**

25. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26. Defendants deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

27. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff and his motor vehicle violated Plaintiff's Constitutional Rights and was not authorized by law. Defendants violated Plaintiff's rights by commanding Plaintiff to exit his motor vehicle and searching Plaintiff and his motor vehicle without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE DETENTION AND/OR ARREST**

28. Plaintiff hereby incorporates and realleges paragraphs one through twenty-four (24) hereat as though fully set forth at this place.

29. Defendants deprived Plaintiff of his rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

30. The arbitrary detention and/or arrest of Plaintiff violated his Constitutional Rights and were not authorized by law. Defendants violated Plaintiff's rights by commanding him to exit the motor vehicle and unlawfully handcuffed, detained, and/or arrested and have him handcuffed, detained, and/or arrested for an unreasonable amount of time without just cause. The foregoing

was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNREASONABLE SEIZURE OF PLAINTIFF'S MOTOR VEHICLE

31. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

32. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's motor vehicle violated Plaintiff's constitutional rights and was not authorized by law. Defendants violated Plaintiff's rights by seizing his motor vehicle without probable cause. These acts violated Plaintiff's Fourth Amendment rights. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT IV
### PLAINTIFF AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF FALSE IMPRISONMENT/ARREST

34. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

35. Defendants intended to and did confine Plaintiff within fixed boundaries.

36. Plaintiff was conscious of the aforementioned confinement and/or harmed by it.

37. Defendants violated the law by falsely imprisoning/arresting Plaintiff.

38. Plaintiff was damaged emotionally and otherwise from the unlawful acts of

Defendants.

39. The City of Chicago is liable pursuant to *respondeat superior*.

40. Plaintiff's imprisonment was unnecessary and unreasonable, therefore, violating state law. Thus, Defendants are liable to Plaintiff.

## COUNT V
## PLAINTIFF AGAINST DEFENDANT OFFICERS AND THE CITY OF CHICAGO FOR THE STATE LAW CLAIM OF MALICIOUS PROSECUTION

41. Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

42. Defendants acted with malice in doing all the acts alleged herein.

43. Plaintiff was wrongfully seized, continually detained, and wrongfully charged with a crime.

44. There was no probable cause to prosecute Plaintiff.

45. The charges were terminated in a manner indicative of Plaintiff's innocence.

46. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendants.

47. The City of Chicago is liable pursuant to *respondeat superior*.

48. Therefore, Defendants are liable for the supplemental state law claim of malicious prosecution.

**WHEREFORE**, Plaintiff, KENDALL A. ARMSTRONG, by and through his attorneys, Ed Fox & Associates, Ltd., request judgment as follows:

1. Defendants pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. Defendants pay Plaintiff's special damages;

3. Defendants pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. Defendants, except the City of Chicago, to pay punitive and exemplary damages in a sum to be ascertained;

5. Defendants pay Plaintiff's costs of the suit herein incurred; and

6. Plaintiff has such other and further relief as this Court may deem just and proper.

      BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES,LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

      BY: /s/Peter T. Sadelski
Peter T. Sadelski
ED FOX & ASSOCIATES,LTD.
Attorneys for Plaintiff
300 West Adams, Suite 330
Chicago, Illinois 60606
(312) 345-8877
psadelski@efoxlaw.com